**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **ROSCOE POWERS, JR.,**              : | |
|              **Petitioner,**          : | |
| : | **NO.  3:11-CV-150 (CDL)** |
| **VS.**                                    : | |
| : | |
| **DAVID FRAZIER, Warden,**       : | |
| : | Proceedings Under 28 U.S.C. §2254 |
|              **Respondent.**        : | Before the U.S. Magistrate Judge |

### RECOMMENDATION

Respondent David Frazier has filed a Motion to Dismiss the above-captioned petition, alleging that the petition is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244(d).  Doc. 16.  As the petition was filed outside the applicable limitations period, and because Petitioner has failed to show any cause for tolling the limitations period, it is **RECOMMENDED** that the petition be **DISMISSED**.

### FACTUAL AND PROCEDURAL HISTORY

On April 12, 2007 in the Clarke County, Georgia Superior Court, Petitioner Roscoe Powers entered a negotiated guilty plea to two counts of armed robbery, two counts of possession of a firearm or knife during the commission of a crime, and one count of attempting to elude.  Doc. 21-2, p.15.  Petitioner's sentence totaled twenty years confinement with the first twelve to be served without the possibility of parole plus ten consecutive years of probation.  Id.

On July 27, 2007, Petitioner filed a pro se motion to withdraw his guilty plea.  Doc.21-2, p.17.  On August 31, 2007, Petitioner filed a pro se motion to reduce or modify his sentence.  Id. at p.19.  Both motions were denied by the trial court in an order dated October 30, 2007.  Id. at p.22.

On February 13, 2008, Petitioner filed a pro se out of time motion to withdraw his guilty plea. Doc. 21-2, p.28. The trial court denied the motion on March 20, 2008. Id. at p.50. Petitioner appealed the decision on April 3, 2008. Doc. 21-1, p.65. On June 25, 2008, the Court of Appeals of Georgia dismissed the appeal. See Georgia Court of Appeals #A08A1995.

On August 4, 2008, Petitioner filed a state habeas corpus petition in the Superior Court of Telfair County, Georgia. Doc. 21-3, p.1. The state habeas court denied the petition on December 13, 2010. Doc. 21-8. Petitioner's subsequently-filed application for a certificate of probable cause to appeal the denial of his state habeas corpus petition was denied by the Supreme Court of Georgia on April 26, 2011. Doc. 21-10, see also Supreme Court of Georgia #S11H0684. On October 9, 2011, Petitioner executed the instant 28 U.S.C. §2254 petition. Doc. 1.

## LEGAL STANDARDS

The AEDPA sets forth a one (1) year period of limitations for filing an application for a writ of habeas corpus for a person in custody pursuant to the judgment of a state court. 28 U.S.C. §2244(d)(1). This limitations period begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In calculating the limitations period, courts do not count any time "during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

## DISCUSSION

In this case, the period of limitations began to run when the Petitioner's guilty plea became final. Petitioner's guilty plea was entered on April 12, 2007. In Georgia, there is "no unqualified right" to a direct appeal from a guilty plea conviction; such appeals will lie only for issues which can be resolved from the face of the record. Smith v. State, 266 Ga.687, 470 S.E.2d 436 (1996). Because Petitioner failed to file a notice of appeal within thirty days after April 12, 2007, his conviction became final no later than May 12, 2007. O.C.G.A. § 5-5-38. Consequently, Petitioner had until May 12, 2008 to timely file a federal habeas petition or toll the limitations period by *properly* filing a state collateral attack. (Emphasis added). Petitioner did neither.

Petitioner's motions seeking to withdraw his guilty plea and/or modify his sentence were not properly filed and, therefore, did not toll the expiration of the limitations period. In Georgia, trial courts have no jurisdiction to allow a plea to be withdrawn or to modify or vacate a judgment after the end of the term of court in which the plea or judgment is entered. Staley v. State, 184 Ga. App. 402 (1987); State v. Kight, 175 Ga. App. 65 (1985). The terms of court of the Clarke County Superior Court, where Petitioner's guilty plea was entered, commence on the second Monday in January, April, July, and October. O.C.G.A. § 15-6-3(42)(a). Petitioner's April 12, 2007, guilty plea was taken in the term of court beginning Monday April 9, 2007. Because the next term of court began on Monday July 9, 2007, the trial court had no jurisdiction to grant the requested relief on July 27, 2007, when Petitioner filed his first motion to withdraw his guilty plea. By extension, the trial court also lacked jurisdiction to consider Petitioner's subsequently-filed motion to reduce or modify his sentence and out of time motion to withdraw. Petitioner's conviction therefore became final

when his time for appeal expired on May 12, 2007. By the time Petitioner filed his state habeas on August 4, 2008, the AEDPA's one-year period of limitations had already expired.

Although Petitioner maintains that he is entitled to equitable tolling, he has failed to demonstrate that equitable tolling is appropriate in this case. Under very limited circumstances, the doctrine of equitable tolling allows a district court to review a petition if it was filed out of time because of "extraordinary circumstances that [were] both beyond [the petitioner's] control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The petitioner bears the burden of proving the circumstances that justify the use of equitable tolling. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002). If the petitioner does not demonstrate that he meets the necessary criteria, he is not eligible for equitable tolling. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004).

In support of his argument for equitable tolling, and with respect to the time period prior to the May 12, 2008 expiration of the period of limitations, Petitioner argues: 1) that plea counsel refused requests to file a motion to withdraw the guilty plea; 2) that he "could not file his issues because he did not have his plea transcripts, and; 3) "since he filed motions to withdraw [his] plea . . . his habeas corpus was filed in the one year period of limitation." Doc. 20. As explained above, because Petitioner's motions to withdraw his plea and reduce or modify his sentence were improperly filed, the expiration of the period of limitations was not tolled. With regard to his argument about access to plea transcripts, Petitioner concedes that the trial court provided them on January 29, 2008, months before the expiration of the period of limitations. Id. Finally, the record does not support the assertion that Petitioner request that his attorney file a motion to withdraw his guilty plea within the term of court during which the plea was entered. Absent any other demonstration of the sort of extraordinary circumstances contemplated by the doctrine of equitable

tolling, the instant petition is untimely.  Accordingly, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**, that the instant § 2254 petition for writ of habeas corpus be **DISMISSED** with prejudice, and that a certificate of appealability be **DENIED**.

Also before the Court is a Motion to Dismiss filed by the Attorney General of Georgia, Samuel S. Olens, alleging that he is an improper party to this action and, as such, should be dismissed. Doc. 17.  In view of the untimely nature of the above-captioned petition, coupled with the fact that Attorney General Olens does not and will not have custody of Petitioner, **IT IS RECOMMENDED** that Attorney General Olens' Motion to Dismiss be **GRANTED** and that he be **DISMISSED** as a party respondent in this action.

### CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

In this case, there has been no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the district court should deny a certificate of appealability in its final order.

Pursuant to § 2254 Rule 11(a): "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to

this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.  The Clerk is directed to serve Petitioner at the last address provided by him.

**SO RECOMMENDED**, this 9th day of May, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
